Katherine L. Kettler (SBN 231586)
*klk@millerlawgroup.com*
Jennifer A. Shy (SBN 131074)
*jas@millerlawgroup.com*
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendant
AT&T UMBRELLA BENEFIT PLAN NO. 1

Law Offices of P. Randall Noah
P. Randall Noah (SBN 136452)
*pnoah@ix.netcom.com*
21 Orinda Way, Suite C, #316
Orinda, CA  94563
Tel. (925) 253-5540
Fax (925) 253-5542

Attorney for Plaintiff
WENDY L. BURROWS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY L. BURROWS,<br><br>  Plaintiff,<br><br>v.<br><br>AT&T UMBRELLA BENEFIT PLAN NO. 1,<br><br>  Defendant. | Case No.: 3:10-cv-01375-BZ<br><br>**STIPULATION AND [PROPOSED] ORDER TO ALLOW DEFENDANT TO FILE FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Complaint filed:  April 1, 2010 |

# STIPULATION

Pursuant to Federal Rule of Civil Procedure 15(a)(2), it is hereby stipulated by the parties, acting through their respective counsel of record, that Defendant AT&T UMBRELLA BENEFIT PLAN NO. 1 ("Defendant") may file the attached First Amended Answer to Plaintiff's First Amended Complaint. Defendant's proposed First Amended Answer is attached to this Stipulation as **Exhibit A**.

Dated: June 22, 2010     MILLER LAW GROUP
                         A Professional Corporation

                         By: /s/
                             Katherine L. Kettler
                             Attorneys for Defendant AT&T
                             UMBRELLA BENEFIT PLAN NO. 1

Dated: June 22, 2010     LAW OFFICES OF P. RANDALL NOAH

                         By: /s/
                             P. Randall Noah
                             Attorneys for Plaintiff
                             WENDY L. BURROWS

**ORDER**

**IT IS SO ORDERED.**

The attached Defendant's First Amended Answer to Plaintiff's First Amended Complaint shall be deemed filed as of the date of this Order.

Dated: _June 23,_____, 2010          _____
Hon. Bernard Zimmerman
MAGISTRATE JUDGE OF THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

4812-8862-5158, v. 1

EXHIBIT A

Katherine L. Kettler (SBN 231586)
klk@millerlawgroup.com
Jennifer A. Shy (SBN 131074)
jas@millerlawgroup.com
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendant
AT&T UMBRELLA BENEFIT PLAN NO. 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY L. BURROWS,<br><br>              Plaintiff,<br><br>v.<br><br>AT&T UMBRELLA BENEFIT PLAN NO. 1,<br><br>              Defendant. | Case No.: 3:10-cv-01375-BZ<br><br>**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Complaint filed:  April 1, 2010 |

Defendant AT&T UMBRELLA BENEFIT PLAN NO. 1 ("Defendant") hereby makes this First Amended Answer to Plaintiff WENDY L. BURROWS' First Amended Complaint ("Complaint") as follows:

1. Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant denies the existence of a "contract" and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 3 and, therefore, denies the same.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. As to Paragraph 5 of the Complaint, Defendant admits that Plaintiff was employed by AT&T Services, Inc. as an analyst at the time of the termination of her employment. Defendant further admits that the administrative file contains information concerning Plaintiff's claimed condition and Defendant is without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's subjective complaints or the current opinion of Plaintiff's treating physician and therefore denies the same. Except as to explicitly admitted, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint except to admit that at all relevant times there was in effect a disability plan covering employees of AT&T Services, Inc. Except as so admitted, Defendant denies the remaining allegations of Paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint except to admit that the applicable plan provides certain disability benefits to individuals who qualified pursuant to the provision of the plan.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint except to the extent that the opinions of Plaintiff's personal physician are contained in the administrative records.

10. Defendant denies the allegations contained in Paragraph 10 of the complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint except to deny that this is the only relevant portion of the plan.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

## **AFFIRMATIVE DEFENSES**

For and as a separate and affirmative defense to each and every claim for relief set forth in the Complaint, Defendant alleges as follows:

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

Plaintiff's Complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Not Eligible for Benefits)**

Plaintiff's claims are barred in that Plaintiff is not eligible for benefits under the terms and conditions of the applicable disability plan.

## THIRD AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant's actions or statements were based upon good, sufficient, and legal cause, upon reasonable grounds for belief in its truth and justification, and were taken or said in good faith and without malice.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Plaintiff, by her acts and omissions, has waived and is estopped and barred from alleging the matters set forth in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendant alleges that Plaintiff is barred from any relief by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff has failed to mitigate the damages alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Offset)

Any award of benefits to Plaintiff should be offset by any other earnings,

benefits and/or income received by Plaintiff (including but not limited to disability benefits, workers' compensation benefits and/or settlement monies, unemployment benefits, pension benefits, and/or benefits from the Social Security Administration or the State of California), and/or should be offset by any damages caused by Plaintiff to the Defendant, including any unjust enrichment to Plaintiff by virtue of fraud.

## EIGHTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

Defendant is entitled to its attorneys' fees pursuant to 29 U.S.C. § 1132(g) and/or Rule 11(c)(2), Federal Rules of Civil Procedure.

## NINTH AFFIRMATIVE DEFENSE

### (Conduct In Accordance With the Plan)

Defendant and its agents at all relevant times acted and conducted themselves in accordance with the documents and instruments governing the Plan insofar as such documents and instruments were and are consistent with the provisions of ERISA.

Defendant has not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint, and, accordingly, reserves the right to amend, modify, revise or supplement this General Denial, and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of said investigation and study.

/ / /

/ / /

/ / /

1  THEREFORE, Defendant demands judgment in its favor, costs of suit, and attorneys' fees, and all other proper relief.

Dated: June 22, 2010

MILLER LAW GROUP
A Professional Corporation

By: /s/
Katherine L. Kettler
Attorneys for Defendant AT&T
UMBRELLA BENEFIT PLAN NO. 1

4817-0753-1270, v. 2

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA